IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JERRY CHAPARRO,                              )
                                             )
                              Plaintiff,     )
                                             )   Civil Action No. 07 C 5277
        v.                                   )
                                             )   Suzanne B. Conlon, Judge
OFFICER POWELL, STAR NO. 11570,              )
OFFICER M.J. BUTZEN, STAR NO. 11307,         )
OFFICER ACEVEZ, STAR NO. 18154,              )
HAZEL HOLMES and CITY OF CHICAGO,            )
                                             )
                              Defendants.    )

## MEMORANDUM OPINION AND ORDER

Jerry Chaparro sues the City of Chicago ("the city") and four individual defendants:

private citizen Hazel Holmes and Chicago Police Officers Gary Powell, Michael Butzen, and

Anthony Acevez under 42 U.S.C. § 1983. Chaparro alleges the individual defendants subjected

him to an unreasonable seizure in violation of the Fourth Amendment and inflicted other

constitutional and tortious injuries.[1] Officer Powell and the city move for partial summary

judgment on all claims, except excessive force and battery (Counts I and IV).[2] Holmes moves for

summary judgment on all claims against her. For the reasons set forth below, Officer Powell's

and the city's partial motion for summary judgment is granted. Holmes' motion for summary

---

[1]Chaparro asserts five federal and six state claims. The federal claims, all grounded in §
1983, are Counts I (Fourth Amendment excessive force), II (Fourth Amendment false arrest), VI
(conspiracy), VIII (class of one equal protection), and XII (freedom of movement). The state
claims are in Counts III (false arrest), IV (battery), V (malicious prosecution), VII (conspiracy),
IX and X (*respondeat superior* and indemnification against the city).

[2]Officers Butzen and Acevez have been dismissed from the case. Minute Order, Dkt. No.
115 (June 24, 2008). Their summary judgment motion is moot.

judgment is granted in part.

## I.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Adelman-Reyes v. Saint Xavier Univ.*, 500 F.3d 662, 665 (7th Cir. 2007). A genuine issue of material fact exists when, in viewing the record and all reasonable inferences in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986); *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995). The movant has the burden of establishing there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the non-movant must set forth specific facts demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. Rule 56(c) mandates summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322; *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). A scintilla of evidence in support of the non-moving party's position is not sufficient to defeat a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 250.

## II.    BACKGROUND FACTS

The following facts are undisputed for the purposes of the summary judgment motions. On March 12, 2007, Chaparro went to a city impound lot operated by United Road Towing to

retrieve his car after it was towed following an arrest. City Facts ¶ 7. Officer Powell was working at the pound as a security guard. *Id.* ¶ 9. After receiving permission to go to the pound yard, Chaparro was given release papers to sign along with a form to describe damage he claimed was done to his car while it was impounded. *Id.* ¶ 12. Hazel Holmes, the pound supervisor, informed him that he had to complete paperwork to report any damage. *Id.* ¶ 13. Chaparro returned to the yard with a camera and took photos to document the alleged damage. *Id.* ¶ 14. An attendant told him he could not take photos; he then drove his car to the general pound area to return the damage form. *Id.* ¶ 15. After he parked his car, Holmes told him he could not take photos. He responded that he was "just taking pictures of [his] vehicle." *Id.* ¶ 17. Officer Powell and Holmes then requested that Chaparro turn over his camera; Powell stated that Chaparro would be arrested otherwise. *Id.* ¶ 18.

After a two minute exchange, Holmes told Officer Powell three times that she wanted Chaparro arrested. *Id.* ¶ 19. Officer Powell arrested Chaparro. *Id.* ¶ 20. Chaparro questioned why; Officer Powell immediately put him in a choke hold. *Id.* ¶ 21. A physical struggle ensued and both Chaparro and Officer Powell suffered injuries. *Id.* ¶¶ 22-23. Additional officers reported to the scene; Chaparro was handcuffed, transported to the hospital, and later was processed at the police station. *Id.* ¶ 24.

Officer Powell authored a criminal complaint against Chaparro for resisting arrest, and Holmes signed a criminal complaint, written by Sergeant Axium, against Chaparro for disorderly conduct. *Id.* ¶ 33. The disorderly conduct complaint charged Chaparro with knowingly and intentionally yelling obscenities and waving his arms in an unreasonable manner so as to alarm and disturb others and provoke a breach of peace. *Id.* ¶ 33.

3

A bench trial was held on the two criminal complaints. Chaparro was found not guilty of disorderly conduct and guilty of resisting arrest. *Id.* ¶ 34. He filed a motion for a new trial and subsequently entered a guilty plea to reckless conduct "[endangering] the bodily safety of Gary Powell." *Id.* ¶ 35; Pl. Facts Ex. C.

## III. DISCUSSION

### A. The Motion of Officer Powell and the City for Partial Summary Judgment

Chaparro concedes Officer Powell's and the city's partial summary judgment motion should be granted except on the class of one equal protection claim (Count VIII) and the federal/state conspiracy claims (Counts VI and VII). Officer Powell and the city argue that the equal protection and conspiracy claims warrant summary judgment.

#### 1. *Class of One Equal Protection*

In his equal protection claim, Chaparro alleges Officer Powell discriminated against him by arresting him at the impound lot after he witnessed Officer Powell's "misconduct." More specifically, Chaparro claims he was treated differently from those similarly situated when he was forcibly arrested for refusing to delete photos from his camera. Under a class of one equal protection theory, Chaparro must prove that: (1) he was intentionally treated differently from others similarly situated; and (2) that there was no rational basis for the difference in treatment or the cause of the differential treatment was a "totally illegitimate animus" toward him. *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004).

To survive summary judgment, Chaparro must place both elements of his class of one equal protection claim in dispute. *See, e.g., Farrar v. Bracamondes*, 332 F. Supp. 2d 1126, 1130 (N.D. Ill. 2004) (Castillo, J.). He fails to meet his burden of establishing that similarly-situated

individuals under similar circumstances were treated differently. *See McDonald,* 371 F.3d at

1002 -1003 (plaintiff has high burden to identify someone who is similarly situated in the context

of class of one equal protection claims). Indeed, apart from conclusory assertions in his

complaint, Chaparro does not identify one individual who he claims is similarly situated, much

less that anyone was intentionally treated differently. He merely cites testimony indicating that

individuals who were once *asked* to delete photographs at the city impound lot were not arrested.

None of these unidentified individuals *refused* to delete photographs in the same manner as

Chaparro. Nor is there any evidence these individuals were threatened with arrest if they failed

to delete photographs. Therefore, these unidentified individuals cannot be considered similarly

situated. *Cf. Purze v. Village of Winthrop Harbor,* 286 F.3d 452, 455 (7th Cir. 2002) (in order to

be considered "similarly situated," comparators must be " *prima facie* identical in all relevant

respects"); *Sellars v. City of Gary,* 453 F.3d 848, 850 (7th Cir. 2006) (plaintiff must demonstrate

individuals were identical in all relevant respects ). It is undisputed that Chaparro was not treated

differently from another similarly-situated individual. *See, e.g., Farrar,* 332 F. Supp. 2d at 1130

(granting summary judgment because plaintiff furnished no evidence that she was treated

differently from another similarly situated individual).

Chaparro's alternative claim that he was discriminatorily arrested and falsely charged

because he witnessed police misconduct – namely Officer Powell's alleged chokehold – is

deficient. He was arrested *before* he was allegedly placed in a chokehold. Therefore, an

unlawful arrest could not have been the result of witnessing the alleged chokehold. More

importantly, his sole subjective belief that he was treated differently is not evidence that similarly

situated individuals were treated differently. *See id.*

5

## 2.	Section 1983 Conspiracy

Chaparro contends Officer Powell and Holmes conspired to unlawfully arrest him at the impound lot in violation of his constitutional rights. For a § 1983 conspiracy claim, he must establish that: (1) Officer Powell and Holmes had an understanding to deprive him of his constitutional rights, and (2) Holmes was a willful participant in joint activity with Officer Powell. *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003).

Chaparro concedes that summary judgment is appropriate on all constitutional claims against Officer Powell except his equal protection and excessive force claims. Officer Powell cannot be liable under a conspiracy theory for the equal protection claim because, as set forth above, there is no evidence of record that he was deprived of his equal protection rights. *See Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000) (lack of constitutional injury forecloses relief under conspiracy theory).

Chaparro argues that Officer Powell and Holmes conspired to effectuate an arrest through the use of excessive force in violation of the Fourth Amendment. But he provides no evidence of a mutual understanding to do so. He only cites testimony that Holmes asked Officer Powell to arrest him. There is no evidence that Holmes requested Officer Powell to use excessive force in effectuating the seizure. *See, e.g., Stewart v. Harrah's Illinois Corp.*, No. 98 C 5550, 2000 WL 988193, at *14 -15 (N.D. Ill. July 18, 2000) (Pallmeyer, J.) (failure to produce any evidence that defendants "reached an understanding" to use excessive force against plaintiff warranted summary judgment). Nor is there any evidence to support a reasonable inference that Holmes and Officer Powell jointly administered excessive force in arresting Chaparro. His unsupported allegations of an agreement are insufficient. *See, e.g., Davis v. Officers P. Tode #21300*, No. 99

6

C 7459, 2001 WL 76529, at * 4 -5 (N.D. Ill. Jan. 26, 2001) (Darrah, J.) (citations omitted) (failure to provide evidence of illicit agreement warrants summary judgment). Summary judgment on Chaparro's § 1983 conspiracy claim is appropriate.

### 3. State Conspiracy

Chaparro contends that Officer Powell conspired with Holmes to maliciously prosecute him. Under Illinois law, civil conspiracy is defined as "(1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious [overt] act by one of the con-conspirators in furtherance of the agreement that causes injury to the plaintiff" that results in damages. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509 (7th Cir.2007) (noting that the agreement is a vital element to this cause of action) (citing *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill.2d 102, 720 N.E.2d 242, 258 (1999)).

There is no evidence of an agreement between Officer Powell and Holmes to maliciously prosecute Chaparro. He only provides evidence that Officer Powell communicated with Holmes prior to his arrest, when Holmes requested Officer Powell to arrest Chaparro. This communication was nothing out of the ordinary to support a reasonable inference that they conspired for an unlawful purpose. The undisputed facts show Officer Powell had no involvement in preparing, signing, or obtaining Holmes' signature on the criminal complaint charging Chaparro with disorderly conduct. Pl. Facts ¶ 26. The record also lacks evidence that Officer Powell and Holmes discussed Chaparro or his prosecution or even had any contact after Chaparro was arrested.

Chaparro concedes summary judgment is appropriate with respect to his false arrest

7

claims against all defendants. Therefore, there is no evidentiary support for the assertion that Holmes and Officer Powell conspired to prosecute him by falsely arresting him. *Cf. Finwall v. Chicago*, 490 F. Supp. 2d 918, 927 (N.D. Ill. 2007) (Manning, J.) (citation omitted) (conspiracy claim cannot stand where the underlying tort cannot be established).

### 4. *Indemnification and Respondeat Superior*

Chaparro asserts indemnification and *respondeat superior* claims against the city based on Officer Powell's conduct. Summary judgment is appropriate with respect to claims against Officer Powell. Therefore, summary judgment is also warranted on the same derivative claims against the city. *See, e.g., Delgadillo v. Paulnitsky*, No. 05 C 3448, 2007 WL 1655252, at *8 (N.D. Ill. June 1, 2007) (Keys, M.J.); *Taylor v. City of Chicago*, No. 01 C 2057, 2003 WL 22282386, at *7 (N.D. Ill. Sept. 30, 2003) (Grady, J.).

### B. Holmes' Motion for Summary Judgment

Chaparro concedes Holmes' motion should be granted with respect to all claims except the state conspiracy and malicious prosecution claims. Holmes contends summary judgment is proper with respect to all claims against her.

### 1. *State Conspiracy*

Chaparro contends Holmes conspired with Officer Powell to maliciously prosecute him. As set forth above, summary judgment is warranted because there is no evidence of an agreement to maliciously prosecute Chaparro. Moreover, to the extent Chaparro argues that the conspiracy was for his improper arrest, he has conceded summary judgment on his false arrest claims against all defendants.

### 2. *Malicious Prosecution*

Chaparro claims Holmes filed a disorderly conduct criminal complaint against him in a malicious attempt to prosecute him. To succeed on a claim for malicious prosecution, he must prove (1) the commencement or continuation of an original criminal or civil proceeding by Holmes, (2) termination of the proceeding in favor of Chaparro, (3) the absence of probable cause, (4) malice on Holmes' part, and (5) damages resulting to Chaparro. *Boyd v. City of Chicago*, 378 Ill.App.3d 57, 880 N.E.2d 1033, 1045 (Ill. App. Ct. 2007) (citing *Reynolds v. Menard, Inc.*, 365 Ill.App.3d 812, 850 N.E.2d 831, 837 (Ill. App. Ct. 2006)). Holmes contends she is not liable for malicious prosecution because: (1) Officer Powell commenced the criminal proceeding when he arrested Chaparro as a result of his own independent investigation; (2) Chaparro's concession with respect to his false arrest claim demonstrates Holmes could not have commenced the criminal proceedings against him; and (3) there is no evidence of malice or a lack of probable cause for his arrest. These arguments are insufficient to warrant summary judgment.

The commencement of a criminal proceeding in Illinois is the filing of a complaint, an information, or an indictment. *Randall v. Lemke*, 311 Ill.App.3d 848, 850, 726 N.E.2d 183 (Ill. App. Ct. 2000) (citing 725 ILCS 5/111-1). It is undisputed that Holmes initiated and signed the criminal complaint against Chaparro for disorderly conduct, and provided details to Sergeant Axium regarding the charge to be filed, and later offered testimony at Chaparro's trial. Holmes' contention that Officer Powell initiated the criminal proceeding by independently investigating Chaparro's conduct prior to his arrest does not obviate this fact. Factual questions are raised regarding whether Officer Powell independently investigated Chaparro's conduct and arrested him. Holmes indisputably asked Officer Powell to arrest Chaparro, drawing into question

9

whether Officer Powell made the arrest after undertaking an independent investigation.

Additionally, it is undisputed that Chaparro was found not guilty on the disorderly conduct charge at trial. This not guilty finding raises the question of whether there was probable cause to support the disorderly conduct complaint. Under Chaparro's version of events, there was no probable cause because he did not yell obscenities and wave his arms in an unreasonable manner as alleged in the complaint. It is still disputed whether Holmes maliciously initiated the criminal complaint. *See Rodgers v. People's Gas Light and Coke Co.*, 315 Ill. App. 3d 340, 733 N.E.2d 835, 842 (Ill. App. Ct. 2000) (lack of probable cause does not itself show malice, but a jury may infer malice if there is no other credible evidence that refutes the inference). Malice is present when a prosecution is initiated for any reason other than to bring a party to justice. *Id.* Drawing all reasonable inferences in Chaparro's favor, under his version of events, a jury could find that Holmes knowingly and maliciously initiated the criminal complaint without probable cause.

## IV. CONCLUSION

The motion of Officer Powell and the city for partial summary judgment on Counts II, III, V, VI, VII, VIII, and XII is granted. Holmes' motion for summary judgment is granted on Counts I, II, III, IV, VI, VII, VIII and XII and is denied with respect to Count V.

10

ENTER:

_Suzanne B. Conlon_
Suzanne B. Conlon
United States District Judge

July 21, 2008